# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:12CV105-RLV

| | |
|---|---|
| KAMRON REZAPOUR and TINA REZAPOUR, ) ) ) Plaintiffs, ) ) v. ) ) EARTHLOG EQUITY GROUP, ) INC., and ROBERT E. ARMS ) ) Defendants. ) ) | **O R D E R** |

**THIS MATTER** is before the Court upon Defendants' Motion to Set Aside Entry of Default and Default Judgment with respect to Defendant Earthlog Equity Group, Inc. ("Earthlog"), filed September 7, 2012. (Doc. 8).

This civil action was commenced by Plaintiffs Kamron and Tina Rezapour ("the Rezapours") in the Superior Court of Watauga County, North Carolina. Default was entered and adjudged against Defendant Earthlog in the sum of $201,910 by the state court on July 17, 2012. Defendant Robert E. Arms ("Arms") removed the matter to this federal court on July 20, 2012.

The undersigned recently addressed the Rule 12(b)(6) Motion filed on behalf of Defendant Arms. The Court determined that the Rezapours's causes of action alleging breach of contract (which encompasses the alleged breach of the implied covenant of good faith and fair dealing), unfair and deceptive trade practices in violation of N.C. G<small>EN</small>. S<small>TAT</small>. § 75-1.1, and alternative claims alleging unjust enrichment and piercing the corporate veil sufficiently alleged

a plausible claim and, therefore, may proceed to discovery.[1]  This matter is now ripe for disposition.

Earthlog's motion is governed by Rule 60 of the Federal Rules of Civil Procedure and informed by Rule 55(c).[2]  *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988) ("Rule 60(b) must be read with due regard for Rule 55(c) . . . ."). Rule 60 reads in pertinent part:

> "On motion and just terms, the Court may relieve a party or its legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ."

Fed. R. Civ. P. 60(b)(1).  For purposes of Rule 60, "mistake" is defined as "some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." 47 AM. JUR. 2D *Judgments* § 687 (2013) (internal citation omitted).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prepatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (applying Rule 55(c)) (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program,*

---

[1] A thorough description of the underlying facts alleged, as well as the claims and defenses, may be found in the Court's Memorandum and Order issued July 1, 2013. (Doc. 15).  For purposes of the Court's analysis and decision, both Defendants were treated as moving parties notwithstanding the previous default judgment against Earthlog.

[2] Rule 55(c), which applies to motions to set aside *entry* of default, recognizes application of Rule 60 after default judgment.  Rule 55(c) of the Federal Rules of Civil Procedure states:

> "The court may set aside an entry of default for good cause, **and it may set aside a default judgment under Rule 60(b)**."

Fed. R. Civ. P. 55(c) (2009) (emphasis added).  If Rule 60(b) is satisfied, the good cause requirement under Rule 55(c) will also be met.  *See Vick v. Wong*, 263 F.R.D. 325, 330 (E.D.Va. 2009).  On both accounts, the pertinent North Carolina Rules of Civil Procedure mirror the federal rules discussed herein.  *See* N.C. R. Civ. P. §§ 1A-1, 1A-155 and 1A-160.

*U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir.1990) ("The law disfavors default judgments as a general matter."); *Consolidated Masonry & Fireproofing*, 383 F.2d at 251 ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.")). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

In this case, Defendants assert that default judgment against Earthlog should be set aside in that it was entered due to mistake or inadvertence on the part of Earthlog (and / or its registered agent), that this motion was filed within thirty days of entry of default, and that Earthlog has a meritorious defense under the contract asserted by Plaintiffs. The Rezapours oppose Earthlog's motion.

Applying the Rule 60 criteria liberally, *Lolatchy v. Arthur Murray, Inc.*, Defendant Earthlog's default was the result of mistake, inadvertence, or excusable neglect. 816 F.2d 951, 954 (4th Cir. 1987) (citing the onerous consequences of defaults and default judgments as rationale for construing Rule 60 liberally). According to Plaintiffs' counsel, service was sent June 16, 2012. (Pls.' Exh. A / Affidavit of Service, 11). LegalZoom[3] notified Arms about the lawsuit via email on June 25, 2012. (Def.'s Exh. 3 / Thomas Aff., ¶¶ 5, 6). A hard copy of the summons and complaint were received by Arms the next day, on June 26, 2012. (Def.'s Exh. 4).

---

[3] The Court takes judicial notice that LegalZoom, Inc. ("LegalZoom") is an online legal portal that offers automated software options for individuals who want to prepare their own legal documents or gain a general understanding of the law in a given area. LegalZoom's "Terms of Use" Disclaimer describes the parameters of LegalZoom's capabilities – "LegalZoom and its Services are not substitutes for the advice of an attorney.". *See* http://www.legalzoom.com/legal/general-terms/terms-of-use. Arms contracted with LegalZoom to provide registered agent service in the State of Tennessee for Earthlog. (Thomas Aff., ¶ 3). Unbeknownst to Arms, LegalZoom then contracted with its subsidiary, United States Corporation Agents, Inc. ("USCA"), which officially designated itself as the registered agent in Tennessee on Earthlog's behalf. (Thomas Aff., ¶ 3).

There was no date stamped on the certified mail receipt to indicate when USCA, Earthlog's registered agent, actually received service. (Def.'s Exh. 2). In addition, Plaintiffs did not initially provide a copy of the affidavit of service to either Earthlog or Arms.[4] According to Defendants, because Plaintiffs did not provide a certification of service reflecting that USCA received service on June 15 (or 16) rather than June 25, Earthlog operated under the impression that it had ten more days to respond than the rules allowed.[5] (Def.'s Mem. Supp., 6–7 / Def.'s Exh. 2). When one accepts Defendants' representation as factually correct, Earthlog was mistaken in believing that the trigger for calculating its response period was June 25, 2013. There is nothing in the record to suggest that Earthlog or Arms intentionally failed to answer.

To the extent Earthlog was neglectful in not seeking to verify or confirm the date of service and trigger for its response period calculation, where the party itself bears no personal responsibility for the error, the neglect of a party's attorney may be deemed excusable. *See e.g., Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 811 ("While *Moradi* does not mention "excusable neglect" or any of the other grounds for relief under Rule 60(b), its import is that, when the party is blameless, his attorney's negligence qualifies as a "mistake" or as "excusable neglect" under Rule 60(b)(1).") (citing *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir.1982)). The undersigned applies the same rationale under these facts since LegalZoom was responsible for providing the registered agent service and for contracting with USCA.[6]

---

[4] Defendants do not state whether the affidavit of service was provided to USCA. Reportedly, Plaintiffs provided an affidavit of service July 10, 2012 – after the response period had expired.

[5] Earthlog's ability to formulate a response between the time Earthlog received notice of the lawsuit and the response deadline is not the issue. Rather, Earthlog did not realize its response was due.

[6] While the culpability of a party, or a party's attorney, is a factor in the Rule 55(c) and Rule 60(b) analyses, the question whether Earthlog or its registered agent shoulders the greater share of the blame for the error here is not determinative.

In addition, the fact that Earthlog did not delay in seeking relief under the federal rules weighs in favor of granting relief. Earthlog filed the instant motion within thirty days of discovering the default judgment. (Def.'s Mem. Supp., 4 n. 2). Arms avers that he was unaware of the default judgment against Earthlog issued by the state court until *after* removal and *after* Plaintiffs filed the Amended Complaint.[7] (Def.'s Exh. 4 / Arms Aff., ¶ 7). Earthlog represents that once it learned of the default judgment, it immediately undertook an investigation to discern the reason for the delayed notice following service upon its registered agent.

The Court, in its discretion, also finds that under the liberal Rule 60(b) standard, Earthlog asserts a meritorious defense to at least one aspect of Plaintiffs' breach of contract claim. A meritorious defense exists if a litigant proffers evidence that, "if believed, would permit either the court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727. At this stage, Earthlog's burden to show a meritorious defense is relatively slight. *See e.g.*, *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (noting that meritorious defense requirement is minimal). In support of its motion, Earthlog points to the provision in the underlying contract that provides for payment of additional funds, and a potential increase in the contract price in the event of deviations or additions from what was previously agreed upon. (Def.'s Mem. Supp., 5). It is undisputed that *after execution of the contract*, the parties realized that the original proposed floor plans would have to be reversed. The parties also discussed the addition of an escape hatch. Defendant Arms requested an additional sum of money to cover the addition of the escape hatch to the plans and Plaintiff refused. While the contract terms do not provide for a windfall to either party such that Earthlog

---

[7] Plaintiffs challenge the veracity of Arms's representation. (Pls.' Mem. Opp'n, 9). In light of the fact that default judgment issued just three days prior to removal, it's conceivable that Arms missed it or that the state court record was not up-to-date on July 20, 2012.

5

might expect to retain the entire deposit even though it never even broke ground on construction, the contract ensured that Defendants would not be required to provide a complete refund of the down payment. The plain language of the contract only requires a ten percent refund of the $200,000 down payment in the event the Owners (Rezapours) decided to void the contract. (Agreement, 3). The contract states that Earthlog (as the "Basic Shell Supplier") is entitled to retain the balance of the down payment to cover any cost incurred and lost business opportunities. (Agreement, 4). Plaintiffs' ability to obtain any portion of the refund is also dependent upon the appropriate written notice being provided to Defendants.[8]

Finally, the Court is not persuaded that setting aside default judgment would result in significant or unfair prejudice to Plaintiffs. Prejudice to the non-defaulting party may be measured by considering whether any attendant delay:

> (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud.

*Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009) (internal citation omitted). The non-defaulting party's ability to present evidence and proceed to trial is the most important consideration. *Vick*, 263 F.R.D. at 330 (internal citations omitted). Delay and inconvenience alone are insufficient to cause prejudice. *Id*. Specifically, the inconvenience of having to continue with litigation, versus enjoying the benefit of default, does not amount to prejudice. *Id*.

---

[8] Under the Agreement:

> 30 Business Days before construction date a written notice, by Certified mail must be given to obtain this refund. All Materials supplied by the "Basic Shell Supplier" beyond the necessary materials to fulfill this contract, including any cost over runs will be C.O.D. at the job site.

(Agreement, 4).

6

Here, Plaintiffs claim they will suffer prejudice if they are forced to amend their Complaint again. Plaintiffs suggest that the time and money spent litigating the Rule 12 motion will have been lost. That is not so. Plaintiffs' factual allegations have now been tested pursuant to Rule 12(b)(6), including Plaintiffs' alternative claim seeking to pierce the corporate veil of Earthlog.[9] Inclusion of Earthlog as a named Defendant (again) does not require the Court to revisit its earlier ruling. Moreover, the posture of the case weighs in favor of setting aside default judgment. No discovery has been undertaken since the Court only recently issued its Rule 12(b)(6) decision.

For all of these reasons, Earthlog's motion will be <u>allowed</u>.

**IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside Entry of Default and Default Judgment is **GRANTED**.

Signed: October 1, 2013

Richard L. Voorhees
United States District Judge

---

[9] Regardless of Earthlog's status as a party, Earthlog will be subject to the discovery requests of Plaintiffs.