IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:12CV105-RLV

| | |
|---|---|
| KAMRON REZAPOUR and TINA REZAPOUR, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER** ) |
| EARTHLOG EQUITY GROUP, INC., and ROBERT E. ARMS, | ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court upon Defendants' "Motion to Dismiss with Prejudice for Failure to Prosecute," filed December 20, 2013, and "Certificate of Service," filed January 3, 2014. (Docs. 22, 23).

This lawsuit arises out of an agreement between Plaintiffs and Defendants Earthlog Equity Group, Inc. ("Earthlog"), and Robert E. Arms ("Arms") for Defendants to construct an earth shelter home and bomb shelter on real property owned by the Rezapours and located in Ashe County, North Carolina. The parties' communications concerning the proposed transaction / project / build were largely verbal. However, the parties eventually memorialized the terms of their agreement in a writing that was never executed. (Pls.' Am. Compl., Exh. B). Prior to the breaking of ground on the build, Plaintiffs paid Defendants $201, 910.00 of an agreed upon total ($364, 279.75).[1] (Pls.' Am. Compl., ¶¶ 10−11). In or around March 2012, the parties

---

[1] Under the unexecuted contract, Plaintiffs agreed upfront to pay Arms $364, 279.75 for the project. In addition to the fees Plaintiffs paid Arms for consulting ($5,000), which Plaintiffs do not seek

subsequently disagreed about the propriety of additional costs / fees requested by Defendants to be paid prior to beginning construction in connection with changes to the building plan and costs associated with revising blue prints. (Pls.' Am. Compl., ¶¶ 12–13, 15–16). According to Plaintiffs, they orally terminated the agreement shortly thereafter and requested a refund of the $201, 910. (Pls.' Am. Compl., ¶ 14). The earth shelter home and bomb shelter were never built and none of Plaintiffs' money was refunded by Defendants. (Pls.' Am. Compl., ¶ 17).

Defendants move for dismissal of Plaintiffs' claims pursuant to FED. R. CIV. P. 41, which reads in pertinent part:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

FED. R. CIV. P. 41(b)(2007). "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks and citations omitted). "Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id*. (internal quotation marks and citation omitted).

---

to recover from Defendants, Plaintiffs paid a $200, 000 down payment and $1, 910.00 for replacement filters, which they never received.

As recited in Defendants' motion, despite several attempts, counsel for Defendants has been unsuccessful in efforts to discuss matters relevant to the pretrial discovery conference with Plaintiffs directly and / or with Plaintiffs' former counsel.[2] *See* Fed. R. Civ. P. 26(f); WDNC LCvR 16.1(A).[3] As a result, this litigation has been inactive since issuance of the Court's July 1, 2013 Memorandum and Order granting in part and denying in part Defendants' Rule 12(b)(6) Motion and October 1, 2013 Order setting aside the entry of default and default judgment previously entered against Defendants in state court. (Docs. 15, 19). The Court's July and October 2013 Orders are both hereby incorporated by reference.

According to the record, during November and December 2013, copies of the Defendants' motion were sent to Plaintiffs Kamran and Tina Rezapour (at multiple addresses) by certified mail, return receipt requested. (Doc. 22 / Exh. C). One or more of the Plaintiffs were

---

[2] Plaintiffs are no longer represented by counsel. The record indicates that Attorneys Anthony T. Lathrop and Christopher D. Tomlinson, both of Moore & Van Allen, PLLC, withdrew on September 11, 2013. (Doc. 18). On October 1, 2013, Attorney Bryan P. Martin of Deal, Moseley & Smith, LLP was allowed to withdraw as well. (Doc. 21).

[3] Under the governing rules, namely, Local Civil Rule 16.1(A) and Rule 26(f) of the Federal Rules of Civil Procedure:

> As soon as is practicable, and in any event ***not later than fourteen (14) days from joinder of the issues*** . . . , the parties or their counsel shall confer as provided by Fed. R. Civ. P. 26(f), and conduct an "Initial Attorney's Conference" ("IAC"). In addition, counsel shall also discuss at such conference consent to magistrate judge jurisdiction.

LCvR 16.1(A). Joinder of the issues occurred in this case upon decision as to Defendants' Rule 12(b)(6) motion. LCvR 16.1(D).

Pursuant to Rule 26(f), the IAC is designed to require the litigants to "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f). Significantly, the federal rules hold the parties ***"jointly responsible"*** (whether represented by counsel or not) for undertaking the IAC in a timely fashion and in good faith. *Id*.

located at an address in Phoenixville, Pennsylvania, which was provided to defense counsel by the U.S. Post Office as a possible forwarding address.[4] At least one of the Plaintiffs received a copy of the Defendants' motion on December 28, 2013, as indicated by the signature on the receipt, which is not readable. (Doc. 23 / Exh. A). Since receipt of Defendants' motion, Plaintiffs have not responded in any manner and the time to respond expired approximately three months ago.[5] *See* LCvR 7.1(E).

Although Plaintiffs are proceeding *pro se*, the Court finds that the lengthy delay in prosecution warrants involuntary dismissal. *See e.g., Spencer v. Doe*, 139 F.3d 107, 112 (2nd Cir. 1998) (reversing Rule 41(b) dismissal and cautioning that courts "should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant.'") (internal citation omitted). Plaintiffs haven't taken any action to pursue their claim against Defendants in approximately ten months (since July 2013). Furthermore, Plaintiffs received "fair notice" of the likelihood of summary dismissal via receipt of Defendants' Motion to Dismiss. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam); *Hudson v.*

---

[4] The Court takes judicial notice that an individual by the name of "Kamran Rezapour" is charged in two different criminal cases being prosecuted within the Western District of North Carolina and assigned to Chief Judge Frank Whitney. *See United States v. Rezapour, Docket Nos. 3:13CR215; 5:13CR71; consolidated within 3:13CR215-FDW.* In that case, the defendant Rezapour is in federal custody. The May 3, 2013 Detention Order indicates Rezapour consented to detention pending adjudication. (3:13CR215-FDW / Doc. 6). The docket also reflects that on February 20, 2014, the defendant tendered a guilty plea to Counts One through Three in the Bill of Information charging violations of 18 U.S.C. § 1343, 21 U.S.C. §§ 331(a) and 333(a)(2). (3:13CR215-FDW / Docs. 14, 25−28). Presuming the criminal defendant Rezapour is the Plaintiff Rezapour in the instant civil action, the Court notes that his wife, Tina Rezapour, is also a named Plaintiff. There is no indication that Tina Rezapour is in custody or otherwise unable to communicate with opposing counsel.

[5] In the Western District of North Carolina, responses to motions "shall be filed within fourteen (14) days of the date on which the motion is served, as evidenced by the certificate of service attached to said motion." Since service was accomplished on December 28, 2013, Plaintiffs were required to respond by mid-January 2014.

*Hardy*, 412 F.2d 1091 (D.C. Cir. 1968) (per curiam).  Accordingly, Plaintiffs had an opportunity to respond to Defendants' motion and still took no action.   Because Plaintiffs have not been available, engaged, or responsive in any manner to opposing counsel, a less severe sanction would be ineffective.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss is hereby **GRANTED**.  Accordingly, all claims of Plaintiffs are **DISMISSED WITH PREJUDICE** as to both Defendants, namely, Earthlog Equity Group, Inc., and Robert E. Arms, pursuant to Fed. R. Civ. P.  41(b).

Signed: April 15, 2014

Richard L. Voorhees
United States District Judge